IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS VENEGAS,

      Plaintiff,

vs.

B. MENDOZA, et al.,

      Defendants.

No. 2:12-cv-1435-EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS[1]

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On March 29, 2013, defendants Brown, Donaldson, and Mendoza filed a motion to dismiss. ECF No. 23. After requesting and receiving a 30-day extension of time to oppose that motion, plaintiff filed a motion for preliminary injunctive relief. ECF No. 28. In his motion, plaintiff requests that the court do one of the following: (1) require prison officials to allow his preferred inmate legal assistant to accompany him to the law library during his scheduled library time; (2) appoint him counsel; or (3) dismiss this case without prejudice, and on the express condition that plaintiff may re-file the complaint upon his release from prison.

---

[1] Defendants failed to respond to the court's order filed on December, 2012, ECF No. 14, directing that they complete and return the form indicating either their consent to proceed before the magistrate judge or request for reassignment to a district judge. Accordingly, the Clerk is directed to randomly assign this case to a district judge.

1

For the reasons that follow, the court denies plaintiff's request for appointment of counsel, grants plaintiff a final extension of time to oppose defendants' motion to dismiss, and recommends that plaintiff's request for a court order be denied.

Plaintiff alleges in his complaint that defendants violated his First and Fourteenth Amendment rights in connection with his validation as an associate of a prison gang. ECF No. 1. His motion for a preliminary injunction does not address that claim. Rather, he states in the motion that he is permitted to go to the law library two days a week for two hours at a time. ECF No. 28 at 1. He explains that the inmate assisting him with this case was previously allowed to accompany him to the library. *Id.* As of May 17, 2013, however, prison officials have not allowed plaintiff's inmate assistant to accompany him to the library. *Id.* Plaintiff states that there is an inmate "law clerk" provided by the law library, but according to plaintiff, this inmate does not possess enough legal knowledge to assist plaintiff with his case. *Id.* at 2. Plaintiff complains that the law clerk's duties are only to provide legal forms, make legal copies, and find legal books. *Id.* at 8. In contrast, plaintiff claims that the assistance he receives from his preferred inmate assistant is "tantamount to [that of] a law practitioner." *Id.* Plaintiff claims that unless he is appointed counsel or is allowed to go to the library with his inmate assistant, he cannot prosecute this case. *Id.* at 2.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.,* 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

(9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

      Plaintiff fails to meet that standard here.  His motion challenges conduct that is not a subject of this civil action and thus, does not show serious questions going to the merits of his complaint.  In addition, even if plaintiff's complaint included an access to court claim, his motion does not demonstrate that plaintiff's access to the court is being denied.  Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Id.*  Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense."  *Lewis*, 518 U.S. at 351.  The right to litigation assistance "is limited to the tools prisoners need in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement."  *Silva*, 658 F.3d at 1102 (quotations omitted).  The right to legal assistance is limited to the pleading stage.  *Id.*

In this case, plaintiff cannot demonstrate that his right of access to the court is being violated. Plaintiff is beyond the pleading stage, and admittedly has access to the law library and to the library law clerk. The fact that plaintiff prefers his legal assistant over the law clerk made available to him by the law library does not entitle him to the order he requests.

Plaintiff is now tasked with opposing defendants' motion to dismiss. He may do so by preparing an opposition on his own, relying on the assistance from the library law clerk, finding another inmate to assist him, or arranging for some method (if possible), other than shared library time, to receive assistance from his preferred inmate assistant. Plaintiff must, however, proceed with diligence, as his opposition to defendants' motion is long overdue.

Plaintiff is also reminded that district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Plaintiff will be granted a final extension of time to oppose defendants' motion to dismiss. If plaintiff no longer wishes to prosecute this action, he may file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel is denied;

2. Plaintiff shall have a final extension of 30 days (ECF No. 32) to file an opposition to defendants' motion to dismiss; and

1     3. The Clerk shall randomly assign a United States District Judge to this case.

2     In addition, it is RECOMMENDED that plaintiff's motion for a preliminary injunction
3 (ECF No. 28) be denied.

4     These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties. Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
9 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 Dated: August 19, 2013.

                                       EDMUND F. BRENNAN
                                       UNITED STATES MAGISTRATE JUDGE